**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMON LANDOR,** | : | **CIVIL NO. 1:11-CV-759** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **B. A. BLEDSOE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM ORDER**</u>

This matter comes before the Court on Plaintiff's second motion requesting that the Court appoint to represent Plaintiff, a federal prisoner and *pro se* litigant, in this action. (Doc. 46.) The Plaintiff previously asked the Court to appoint counsel at the outset of this case, prior to the complaint being served, and before the Court or the Defendants had an opportunity to assess the legal merits of these claims. (Doc. 3.) Because we found the motion premature at that time, it was denied. (Doc. 5.)

Plaintiff has now returned to the Court a second time seeking appointment of counsel, and has represented that his status as an inmate at the United States Penitentiary at Lewisburg greatly impairs his ability to research, investigate, and litigate his claims in this case. (Doc. 46.) Plaintiff also offers his belief that a trial in

1

this action, should one occur, may involve conflicting testimony that might benefit from the plaintiff having pro bono counsel appointed. (Id.) Plaintiff indicates he has tried without success to obtain a lawyer to represent him in this case, and suggests that the Court might appoint a lawyer from the American Civil Liberties Union, the American Bar Association, or even a law student, to represent Plaintiff's interests in this case. (Id.) Upon consideration, the motion will be denied.

Once again, we appreciate the Plaintiff's interest in securing court-appointed counsel, but continue to emphasize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to

turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the Plaintiff's claims have arguable merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this merits analysis. In this regard, we note that the merits of Plaintiff's claims have recently been challenged in Defendants' preliminary dispositive motion, which is currently pending, and awaiting further briefing. (Doc. 33.)

Moreover, while we understand that the Plaintiff doubtless faces some obstacles in bringing this action, to date the Plaintiff has demonstrated an adequate ability to present his own case. In addition, we do not share Plaintiff's view that this case is likely to present difficult and complex legal issues warranting appointment of counsel. Furthermore, the actual investigation that the Plaintiff has to do is minimal, since the pleadings show that the Plaintiff is fully aware of the bases for these claims against the Defendants. Finally, while the case might conceivably turn on credibility

3

determinations between Plaintiff and others, the case likely will not require extensive expert witness testimony.

Finally, we emphasize that there is, at present, a pending motion to dismiss or, alternatively, for summary judgment, which addresses a number of threshold legal matters that might potentially subject this case to preliminary disposition.[1]  Taking all of these factors into account we  DENY this second request to appoint counsel at this time without prejudice to re-examining this issue as this litigation  progresses.

SO ORDERED, this 16th day of December, 2011.


*S/Martin C. Carlson*
United States Magistrate Judge

---

[1]  We note also that the Court previously ordered Plaintiff to respond to Defendants' dispositive motion (Doc. 33) on or before December 8, 2011.  (Doc. 43.)  To date, the Court has not received Landor's opposition brief.  We observe that Landor dated his second motion for appointment of counsel December 6, 2011, and we received the motion 10 days later on December 16, 2011.  Thus, it may be that Landor's brief in opposition to the motion to dismiss has been mailed and simply has not yet been received by the Court.  However, in the event Landor has not submitted a responsive brief for filing, he is urged to do so without further delay or risk having the motion ruled upon as unopposed.