**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAMON LANDOR, | : | |
| | : | |
| Plaintiff | : | Civil No. 1:11-CV-759 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| B.A. BLEDSOE, Warden; | : | (Magistrate Judge Carlson) |
| B. TRATE, Captain; and | : | |
| LT. HEPNER, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

This is a Bivens[1] action brought by Damon Landor, an inmate in the Special

Management Unit at the United States Penitentiary at Lewisburg ("USP-Lewisburg").

In his amended complaint, Landor alleges that Warden B.A. Bledsoe, Captain Trate,

and Lieutenant Hepner at USP-Lewisburg unlawfully subjected him to excessive

force in July 2010, in violation of the Eighth Amendment to the United States

Constitution, by having him removed from his prison cell and placed in ambulatory

restraints for a period of five days after the Plaintiff was found to have become non-

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403
U.S. 388, 397 (1971) (a citizen suffering a compensable constitutional injury may
invoke federal question jurisdiction to seek an award of monetary damages against
federal agent).

compliant and threatening to prison staff. Specifically, Landor claims that the Defendants are liable for authorizing him to be removed from his cell with force and using ambulatory restraints against him between July 5, 2010, and July 10, 2010, after he refused orders to remove his arm from the food slot that he was obstructing, and after he threatened to throw feces on any staff member who came near his cell.

Although the Defendants have filed a dispositive motion in this action that has been pending for more than five months (Doc. 33), to which the Plaintiff has never responded, the Plaintiff has now filed a motion for a preliminary injunction seeking, *inter alia*, assignment to a single cell and greater access to showers and recreation. (Doc. 61)  While we separately consider the merits of the Defendants' dispositive motion in another report and recommendation submitted to the District Court, we now consider the Plaintiff's motion for preliminary injunctive relief, and we recommend that the motion be denied.

## II.  DISCUSSION

### A.  Landor is Not Entitled to a Preliminary Injunction

The preliminary injunctive relief that Landor seeks in this case is straightforward: he requests an order from this Court requiring him to be placed in a single cell, to be free to participate in recreation activities, to have regular showers, and to be free from soy food products. (Doc. 61, ¶ 3)  In support of this request,

Landor alleges that for a period of approximately two months he has regularly been threatened with "shackles and chains," and that Defendant Bledsoe, the Warden at USP-Lewisburg has "acted with deliberate indifference to a substantial. [sic]" (Doc. 61) Landor also complains that the conditions within the Special Management Unit at USP-Lewisburg are small, poorly ventilated, and otherwise difficult to tolerate. He also alleges that he suffers grand mal seizures, and that he has been rendered sexually dysfunctional in some way, although it is not clear that Landor is alleging that these maladies were caused by the conditions of his confinement at USP-Lewisburg, or that these medical conditions are exacerbated by his confinement in the SMU. Landor also does not explain how his requested preliminary injunctive relief is expected to address his concerns, or why such relief is necessary.

Requests for immediate injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi

3

v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting  SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir.2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Emile, 2006 WL 2773261, at *6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only

in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry his burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)). Similarly, to the extent that Landor seeks permanent injunctive relief, he must make a specific and precise legal showing. "A court may issue a permanent injunction [only] where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief. Ciba-Geigy Corp.

v. Bolar Pharmaceutical Co., 747 F.2d 844 (3d Cir.1984)." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the

preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where Landor: (1) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies and (2) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Landor's prayer for injunctive relief presents separate problems and concerns.

Where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Indeed, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

Moreover, where a plaintiff seeks injunctive relief of a presumably permanent nature, as Landor appears to do in this case, the Plaintiff's failure to timely exhaust his administrative remedies may have substantive significance since the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Section 1997e's exhaustion requirement applies to a wide-range of inmate complaints, including complaints like those made here grounded in alleged violations of the Eighth Amendment.   <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004); <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000).   While this exhaustion requirement is not a jurisdictional bar to litigation, this requirement is strictly enforced by the courts.   This rigorous enforcement is mandated by a fundamental recognition that § 1997e's exhaustion requirement promotes important public policies.   <u>Nyhuis v. Reno</u>, 204 F.3d 65, 75-76 (3d Cir. 2000)(citations omitted).

Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to § 1997e's exhaustion requirement. <u>Id</u>. Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court.   Moreover, courts

have also imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

Applying this procedural default standard to § 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court; see, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006), including requests for injunctive relief in a prison context. Ghana v. Holland, 226 F.3d 175 (3d Cir. 2000).

In addition, to the extent that Landor seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief. With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102

(1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc.*, 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno*, 40 F.3d at 655 (citation omitted).

Messner*, 2009 WL 1406986, at *4 .

Furthermore, in assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)).

Judged against these exacting standards, in their current form, Landor's various motions for injunctive relief plainly fail. At the outset, we note that in the past, inmates have frequently sought preliminary injunctive relief similar to that demanded by Landor in this case, compelling prison officials to take certain actions with respect to them during the pendency of a lawsuit. Yet, such requests, while often made, are

rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for injunctive relief as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. Thus, courts have rejected inmate requests for injunctions mandating specific housing conditions for prisoners. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

Similarly, courts have been reluctant to accept inmate invitations to use preliminary injunctions as a means to judicially prescribe specific treatment for inmates. In such instances, courts have typically declined such requests citing the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008), or show a likelihood of success on the merits. Quinn v. Palakovich, 204 F. App'x 116 (3d Cir. 2006). In this case, our review of the Plaintiff's motions for injunctive relief lead us to conclude that Landor has not made the demanding showing required for this extraordinary form of relief.

11

Indeed, in our view, the current, broadly-framed, requests for injunctive relief fail for a host of reasons.

First, Landor's motion does not address the demanding standards prescribed by caselaw and statute for such injunctions, in that he does not present a prayer for relief which is "narrowly drawn, extend[s] no further than necessary to correct the harm . . ., and [is] the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2).   Indeed, Landor's requested relief invites the Court to intervene in prison housing, discipline, grievance, recreation, dining, and other issues, yet Landor provides no substantial justification for the Court to superintend issues of prison administration, which we are enjoined by statute to avoid unless the relief is narrowly drawn and necessary to correct a violation of a federal right.   18 U.S.C. § 3626(a)(1)(A).   In this case, Landor has not demonstrated that the requested injunctive relief is narrowly drawn or tailored to address the violation of a federal right.

Second, Landor's motion does not explain, whether, and to what extent, administrative relief has been sought, and exhausted, with respect to these matters. In this setting, the failure of Landor to address these matters has substantive significance to the extent that he seeks a permanent injunction of some sort from the Court.

Third, we find that Landor has not yet met his threshold obligation of showing reasonable probability of success on the merits.   Indeed, Landor faces a demanding–and presently unmet–burden of proof on the merits of these various claims.  Moreover, the relief that Landor is seeking appears to be entirely unrelated to the claims made in this lawsuit regarding alleged excessive force that was imposed in July 2010.

Landor's demands for an injunction specifying that he receive specific single cell housing accommodations fail since "[i]t is well-settled that prisoners do not have a due process right to be single-celled.  See Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)." Hodges v. Wilson, 341 F. App'x 846, 849 (3d Cir. 2009).  Thus, we find that Landor's general complaints about the conditions of his confinement in the SMU at USP-Lewisburg, and the nature of the relief requested, make it clear that he has not demonstrated a likelihood of success on the merits of his claims for injunctive relief.

Entirely aside from the fact that Landor has not shown a likelihood of success on the merits, the first prerequisite for injunctive relief, we find–as many other courts have found when presented with similar complaints–that this inmate has not shown at this time shown an immediate irreparable harm justifying a preliminary injunction. See e.g., Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir.

2009)(denying inmate request for injunction); <u>Rush v. Correctional Medical Services, Inc</u>., 287 F. App'x 142 (3d Cir. 2008)(same).  In this regard, when considering this benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, it is clear that: "Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' <u>Instant Air Freight Co. v. C.F. Air Freight, Inc</u>*,* 882 F.2d 797, 801 (3d Cir.1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." <u>Messner</u>*,* 2009 WL 1406986, at *4.  Moreover, in this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for ...." <u>Acierno v. New Castle County</u>*,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).  Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury ..." <u>Acierno</u>*,* 40 F.3d at 655 (citation omitted).

Finally, we note that granting this injunctive relief, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single prisoner, could harm both the Defendants' and the public's interest. In this prison context, the defendants' interests  and the public's interest in penological order could be adversely effected if the Court began dictating the transfer or treatment for the Plaintiff, one inmate out of thousands treated in the federal prison

system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994), weighs heavily against Landor in this case.

Because Landor has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or that he will suffer immediate and irreparable harm if relief is not granted, and because granting the requested injunction could adversely effect the Defendants' and the public's interests, Landor's motion for a preliminary injunction should be denied at this time.

## III.  RECOMMENDATION

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED THAT the Plaintiff's motion for a preliminary injunction (Doc. 61) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or

report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of April 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

16